IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JORRIE WILLIAMS, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-13-733 |
| § | |
| COMPANION PROPERTY & CASUALTY § | |
| INSURANCE CO., *et al.*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND ORDER**

This insurance dispute has generated two lawsuits. In March 2012, Jorrie Williams sued her insurance company, Companion Property & Casualty Insurance Co. ("Companion"), the adjustor, Wellington Claim Service, Inc. ("Wellington"), and the driver who damaged her property, Linda Ballard, in state court. Williams's complaint alleged violations of the Texas Deceptive Trade Practices Act and of the Texas Insurance Code. The defendants removed to federal court. (Civ. A. No. H-12-2020). In June 2012, Williams settled with Ballard and signed a release. In September 2012, Williams filed a motion to nonsuit in this court, which was granted.

In February 2013, Williams filed a second state-court suit asserting the same claims. This petition, however, included a stipulation that damages were less than $75,000. Companion and Wellington removed to this court on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1332(a). Williams moved to remand based on the damages stipulation and lack of diversity of citizenship. (Docket Entry No. 6). The defendants responded. (Docket Entry No. 10). This court heard oral argument on the motion on April 30, 2013. (Docket Entry No. 11). Based on this court's instructions at the hearing, the defendants filed a supplemental brief on May 8, 2013 to address

whether this court could disregard the stipulation. (Docket Entry No. 12).

The defendants argue that removal is proper because the amount in controversy exceeds the $75,000 minimum requirement under 28 U.S.C. § 1332(a). The amount in controversy is determined at the time of removal. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292–93 (1938); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996). The court must look to the face of the plaintiff's original petition to evaluate the amount in controversy. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995). When a pleading does not allege a specific damages amount, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *DeAguilar v. Boeing Co.* (*DeAguilar I*), 11 F.3d 55, 58 (5th Cir. 1993). Presuit demand letters may be submitted. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir. 1998); *see also Escobedo v. Marmaxx Operating Corp.*, 2009 WL 1636245, at *2 (S.D. Tex. June 10, 2009) (stating that a court may consider such documents "in so much as they shed light upon the amount in controversy at the time of removal"); *Molina v. Wal-Mart Stores Tex., LP*, 535 F. Supp. 2d 805, 808 (W.D. Tex. 2008) (same). If the record shows that the remand requirements were met when the case was removed, the plaintiff cannot avoid federal jurisdiction by later requesting damages below the jurisdictional minimum. *St. Paul Mercury Indem. Co.*, 303 U.S. at 292; *see also Reisman v. N.H. Fire Ins. Co.*, 312 F.2d 17, 19 (5th Cir. 1963) ("[O]nce jurisdiction has attached, it cannot be subsequently divested."); *DeAguilar v. Boeing Co.* (*DeAguilar II*), 47 F.3d 1404, 1412 (5th Cir. 1995) ("Litigants who want to prevent removal must file a binding stipulation or affidavit [that the jurisdictional threshold is not met] with their complaints; once a defendant has removed the case, *St. Paul* makes later filings irrelevant.'" (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992))).

Williams's complaint does not allege a specific amount in controversy. It states: "The

amount in controversy does not exceed the necessary amount to satisfy diversity." (Docket Entry No. 6, Ex. 1, Orig. Pet., ¶ 4). Williams argues that Companion "merely speculates that the damages exceed $75,000 because it wants to invoke the jurisdiction of this Court." (Docket Entry No. 6, ¶ 5). This argument is unpersuasive. Before Williams filed her first lawsuit — which was nearly identical to this one — she made a demand that included the $100,804.51 the appraiser estimated as her property damage. The demand, the petition in the original lawsuit, and the petition in this case allege actual damages, attorney's fees, mental anguish, treble damages, and exemplary damages. The allegations in Williams's pleadings, the demand and appraisal, and the additional requests for other damages and fees show that the damages amount could exceed $75,000.00.

Williams's attorney, however, stipulated before this case was removed that "[t]he total sum or value in controversy in this cause of action does not exceed $75,000.00 exclusive of interest and costs." (Docket Entry No. 6, Ex. 2, Pl.'s Binding Stipulation, ¶ 1). The defendants argue that this stipulation is insufficient to defeat federal subject-matter jurisdiction. The defendants' argument does not account for everything in the stipulation. The stipulation states not only that Williams seeks less than the jurisdictional minimum amount, but that "[n]either Plaintiff nor his/her attorney will accept an amount that exceeds $75,000.00 exclusive of interest and costs." (Docket Entry No. 6, Ex. 2, ¶ 3). *Cf. Washington–Thomas v. Dial Am. Mktg., Inc.*, 2012 WL 5287043, at *2 (W.D. Tex. Oct. 23, 2012) ("[A] Texas plaintiff must be able to show to a 'legal certainty' that she 'will not be able to recover more than the damages for which he has prayed in the state court complaint.' The plaintiff may do so by filing a legally 'binding stipulation or affidavit' with their state court complaint, stating that she affirmatively seeks less than the jurisdictional threshold *and* further stating that she will not accept an award that exceeds that threshold." (emphasis in original) (citing *DeAguilar II*, 47 F.3d at 1411–12; *Allen*, 63 F.3d at 1335 n.14).

The statement in the stipulation that Williams and counsel will neither seek nor accept more than $75,000 in state court after remand establishes to a legal certainty that Williams will not be able to recover more than $75,000.00. *See DeAguilar II*, 47 F.3d at 1412; *see also Blanco v. Wal-Mart Stores Tex., L.L.C.*, 2011 WL 3681560, at *1 n.2 (W.D. Tex. July 15, 2011) ("'[P]laintiffs who wish to ensure, to a legal [certainty], that their complaints are not construed to include an amount in controversy over $75,000 are well served by filing, concurrently with their complaints in state court, a binding stipulation or affidavit, which state that they *will not accept* more than the sum or value of $75,000, exclusive of interests and costs.'" (alterations in original) (emphasis in original) (quoting *Sanchez v. HP Enter. Servs., L.L.C.*, EP11-CV-49-PRM, slip op., at 4 (W.D. Tex. Apr. 4, 2011))); *Vidaurri v. H.M.R. Props.*, 2007 WL 1512029, at *6 (W.D. Tex. Mar. 8, 2007) (finding no legal certainty that the amount in controversy was less than $75,000 because the plaintiff did not provide "a binding stipulation that she will not seek *or accept* more than $75,000.00" (emphasis added)); *Lite-Martin v. Sw. PCS, L.P.*, 2003 WL 22477694, at *3 (W.D. Tex. Nov. 3, 2003) ("Although in her petition, Plaintiff attempts to state that damages will not exceed $74,000, Plaintiff does not stipulate that she will not seek more that $74,000.").

The defendants argue in their supplemental brief that the stipulation is ineffective because it was not filed until after the first lawsuit and is therefore a postremoval stipulation. (Docket Entry No. 12, at 1). The Fifth Circuit has explained that *"once the district court's jurisdiction is established*, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (emphasis added). But the fact that this court had jurisdiction over the first lawsuit, which was dismissed, does not determine whether this court has jurisdiction over the pending second lawsuit. Federal jurisdiction must be present in each suit. *See, e.g., Anago Franchising, Inc. v. Shaz,*

*LLC*, 677 F.3d 1272, 1275 (11th Cir. 2012) ("We have an independent obligation to determine whether jurisdiction exists in each case before us . . . ." (citing *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006))); *see also Kuehne & Nagel (AG & Co) v. Geosource, Inc.*, 874 F.2d 283, 287 (5th Cir. 1989) (explaining that related cases based on the same facts must be analyzed separately for federal jurisdiction in each case); *McKenzie v. United States*, 678 F.2d 571, 574 (5th Cir. 1982) (same). Although there was a basis for federal subject-matter jurisdiction over the first lawsuit, there is not over the second lawsuit because of the binding stipulation. The stipulation was filed before the present suit was removed and is therefore not a "postremoval" event attempting to divest the federal court of jurisdiction that existed at the time of removal. *See Gebbia*, 233 F.3d at 883.

Because the amount in controversy does not exceed $75,000, this court lacks jurisdiction and must remand.[1] The motion to remand is granted.

SIGNED on May 27, 2013, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

---

[1] Williams also argues that the parties are not completely diverse for purposes of 28 U.S.C. § 1332(a) and that the defendants waived their right to removal by including a request for sanctions in the answer the defendants filed in state court. It is not necessary to address these arguments in light of the ruling that the amount-in-controversy requirement has not been satisfied.